<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ANDRE CUTLER, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-9011 (JMV) |
| v. | : | |
| | : | **OPINION** |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. 1.) In his filing, Petitioner conceded that his Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (D.E. 1, at 14–15.) Consequently, the Court issued an Order to Show Cause as to why the Court should not dismiss this matter as untimely, (D.E. 2.), and Petitioner filed a response, (D.E. 3.). For the following reasons, the Court will deny the Petition as time barred.

**I.     BACKGROUND & ANALYSIS**

As set forth in the Court's earlier Order:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[1] "Final

---

[1] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)). A judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A) (stating that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

According to Petitioner, on January 16, 2001, he was convicted of:

First-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3; Second-degree carjacking, N.J.S.A. 2C:15-2; ten counts of aggravated assault, N.J.S.A. 2C:12-1b(1), 2C:12-b(2) and 2C:12b(4); Third-degree unlawful possession of a weapon, N.J.S.A 2C:39-5(b); Second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a; Fourth-degree possession of a prohibited device, N.J.S.A. 2C:39-3f; Third-degree receiving stolen property, N.J.S.A. 2C:20-7 and 2C:20-2b(2)(b); Third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10a(1); and Third-degree possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school, N.J.S.A. 2C:35-7.

(D.E. 1, at 2.) Petitioner received an aggregate sentence of sixty years in prison. (*Id.*)

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

2

> At the conclusion of Petitioner's direct appeals, the New Jersey Supreme Court denied certification on February 28, 2003. (*Id*. at 14.)  Petitioner did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety days after the New Jersey Supreme Court's February 28, 2003, order denying certification, *i.e*., May 28, 2003. See *Fuscaldo v. Nogan*, No. 16-4198, 2019 WL 4927022, at *9 (D.N.J. Oct. 4, 2019).  Thereafter, Petitioner's one-year limitations period expired on May 28, 2004.
>
> Petitioner, however, did not file the instant Petition until over sixteen years later, on July 9, 2020. (D.E. 1, at 16.)

(D.E. 2.)

Upon closer review, after his direct appeals, Petitioner took no further action concerning his conviction until he filed his first PCR petition on February 16, 2017. *State v. Cutler*, No. A-0647-18T4, 2019 WL 6320329, at *1 (N.J. Super. Ct. App. Div. Nov. 26, 2019).  As a result, Petitioner filed his state PCR petition nearly thirteen years after his AEDPA limitations period had expired.  Similarly, Petitioner did not file his § 2254 Petition until July 9, 2020, over sixteen years after the limitations period had expired.  Consequently, unless Petitioner can justify tolling the limitations period for that entire duration, the Court will dismiss the Petition as untimely.

Turning first to the arguments in the Petition, Petitioner argues that the Court should excuse his late filing because (1) he filed the Petition less than one year after completing his post-conviction relief ("PCR") proceedings, and (2) the state court impeded him by failing to advise him of the AEDPA limitations period.

As to his first argument, if a petitioner files a timely state PCR petition during the AEDPA's one-year period, the PCR petition will toll the limitations period; "it will not, however, revive a one-year period that has already expired." *See, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *see also Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The

3

state habeas petition had no effect on tolling, . . . [as] the limitations period had already run when it was filed."). In the present case, Petitioner did not file his state PCR petition until nearly thirteen years after his AEDPA limitations period had expired. *Cutler*, 2019 WL 6320329, at *1. Accordingly, Petitioner's PCR petition and related proceedings had no effect on his limitations period.

As to his second argument, to the extent Petitioner's late filing was due to his lack of legal knowledge, such circumstances do not warrant equitable tolling. *See, e.g.*, *Walker v. Ricci*, No. 09-5325, 2013 WL 3223552, at *11 (D.N.J. June 25, 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Pryor v. Yatauro*, No. 12-1427, 2013 WL 2242460, at *3 (D.N.J. May 20, 2013). Nor did the state courts have any duty to provide Petitioner with legal advice as to the filing deadlines in federal court.

Turning to his response to the Court's Order to Show Cause, Petitioner argues that the state courts had a duty to advise him of the State's PCR deadlines, rather than any federal deadlines. As the state courts failed to advise him of the state PCR deadlines, Petitioner argues that he could not have exhausted his claims and thus there was a "state created impediment" under 28 U.S.C. § 2244(d)(1)(C) to the filing of his habeas petition. (D.E. 3, at 6.) According to Petitioner, because of that failure, he did not become aware of his right to file a PCR petition until 2017, nearly fourteen years after his conviction became final in May of 2003. (*Id*. at 5.) He then asserts that "he is entitled to equitable tolling for the period of May 28, 2003 to May 19, 2020." (*Id*.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "There are no

4

bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399)

The Third Circuit has said the following as to the reasonable diligence requirement:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800. A court may find extraordinary circumstances where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Turning first to reasonable diligence, Petitioner argues that he diligently pursued his state rights as soon as he discovered that he had a right to file a PCR petition. (D.E. 3, at 4–5.) Setting aside that Petitioner could have discovered his PCR rights by a multitude of other means,[2]

---

[2] For example, Petitioner could have asked the state courts, his trial counsel, or his appellate counsel, or researched the deadlines at the prison's law library.

5

Petitioner also fails to explain how he has diligently pursued his *federal* rights.  In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)).

Even assuming the state courts had a duty to advise Petitioner of his state PCR deadlines, it appears that Petitioner made no effort to protect or preserve his *federal* rights.  Petitioner could have, but failed, to file a protective § 2254 petition.  Critically, Petitioner could have filed a protective petition without first exhausting his PCR claims.  Additionally, Petitioner could have filed a § 2254 petition to any claims he exhausted through the completion of his direct appeals.  Instead, it appears that for over sixteen years, Petitioner did not take action to pursue his federal rights.

Nor does Petitioner demonstrate that extraordinary circumstances prevented his timely filing.  Petitioner alleges that the state courts' failure to advise him of PCR deadlines was an "impediment" to the filing of a timely habeas petition under 28 U.S.C. § 2244(d)(1)(C).  As discussed, however, Petitioner was not "prevented" from filing a § 2254 petition, as he could have filed a protective petition at any time within one year after his conviction became final in 2003.  Petitioner could have also educated himself of the state and federal deadlines in a myriad of ways without relying on the state court.

Ultimately, Petitioner fails to argue that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (arriving at the same conclusion in a case where PCR counsel failed to file a protective petition) (emphasis added). If Petitioner's late filing was due to his lack of legal knowledge and awareness of the AEDPA's limitations period, such circumstances do not warrant equitable tolling. *See, e.g.*, *Walker*, 2013 WL 3223552, at *11 (quoting *Fisher*, 174 F.3d at 714) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Pryor*, 2013 WL 2242460, at *3.

Consequently, the Court finds that Petitioner's supplemental arguments fail to demonstrate reasonable diligence or extraordinary circumstances to justify tolling, and thus, his Petition remains untimely. *Darden*, 477 F. App'x at 918. As a result, the Court will deny the Petition as time barred.

## II.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that petitioners may not appeal a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would

not find it debatable that the Petition is untimely. Consequently, the Court will not issue a certificate of appealability.

### III. CONCLUSION

For the reasons discussed above, the Court will deny the Petition. A certificate of appealability shall not issue. An appropriate Order follows.

<u>6/14/21</u>
Date

                                                          JOHN MICHAEL VAZQUEZ
                                                          United States District Judge